(119 App. Div. 127)

### VALENTE v. INTERNATIONAL MILLING CO.

(Supreme Court, Appellate Division, Second Department. April 26, 1907.)

CORPORATIONS—CONTRACTS—EXECUTION—SUFFICIENCY.

A simple contract, signed by the president and vice president of a corporation, although not in their representative capacity, but reciting in the body of the instrument that they were acting in the capacity of such officers, and that their act in entering into the contract was "on the exclusive account" of the corporation, which act they had been legally authorized to perform, was admissible in evidence in an action against the corporation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 1796–1799.]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by Alessandro Valente against the International Milling Company. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

Samuel Wechsler, for appellant.
John MacGregor, for respondent.

PER CURIAM. The plaintiff sues the defendant corporation for salary, claiming under a contract with it. The trial court excluded the contract, because it was not the contract of the corporation. It was signed by the president and the vice president of defendant, although not in their representative capacity. In the body of the instrument it was, however, recited that they were acting in the capacity of the president and vice president of the defendant, and that their act in entering into the contract was "on the exclusive account" of the defendant, which act they had been legally authorized to perform. The contract should have been received in evidence. The agreement was a simple contract, and did not require the corporate seal.

The judgment should be reversed, and a new trial ordered; costs to abide the event.